IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CANDE BRANDOW** § | |
| § | |
| **Plaintiff,** § | |
| v. § | **CIVIL ACTION NO**. 4:18-cv-516 |
| § | |
| **FLAGSTAR BANK, FSB** § | |
| § | |
| **Defendant.** § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441(a), Defendant Flagstar Bank, F.S.B. ("Defendant") gives notice of the removal of the state court civil action described below on the basis of federal question jurisdiction and diversity jurisdiction. As grounds for the removal, Defendant respectfully states the following:

## I.  INTRODUCTION

1. On September 26, 2017, Plaintiff Cande Brandow ("Plaintiff") filed her Original Petition, Application for Injunctive Relief, and Request for Disclosures, numbered and styled as Cause No. 17-DCV-245225, *Cande Brandow v. Flagstar Bank, F.S.B.*, in the 268th Judicial District Court of Fort Bend County, Texas (the "Original Petition").

2. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant is attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

3. The Original Petition was filed on September 26, 2017, however no service of process on Defendant has ever been obtained; therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[1]

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.00.

5. This is also a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) because Plaintiff has asserted a claim arising under federal law, by alleging that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1024.41.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).  Defendant seeks to remove this case to the Southern District of Texas, Houston Division.  The 268th District Court of Fort Bend County, Texas is located within this District, and cases arising from Fort Bend County are properly assigned to the Southern District of Texas, Houston Division.[2]

7. Pursuant to 28 U.S.C. § 1446(d) Plaintiff is being provided with the written notice of removal, and a copy of this Notice of Removal is being filed with the Fort Bend County District Clerk for the 268th District Court of Fort Bend County, Texas.

---

[1] 28 U.S.C. § 1446(b).

[2] *See* 28 U.S.C. § 124(b)(2).

566049.1

## IV.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

8. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.00.

### A.  *Complete Diversity Exists.*

9. Complete diversity exists because Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of Texas who resides in Fort Bend County.[3]

10. Flagstar is a federally chartered savings bank whose principal place of business is the State of Michigan.[4] Flagstar is not incorporated in Texas, nor does it maintain a principal place of business in Texas. Therefore, Flagstar is a citizen of Michigan.[5]

11. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Michigan, complete diversity of citizenship exists between the parties and removal is proper.

### B.  *The Amount in Controversy Exceeds $75,000.00.*

12. Plaintiff's Original Petition seeks injunctive relief.[6] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7]

13. When the object of a mortgagor's litigation is the protection of his entire property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[8] Here, Plaintiff's property is valued at $323,110.00.[9] Because Plaintiff seeks

---

[3] *See* Original Petition, p. 1, ¶2.

[4] *See Wachovia Bank v. Shmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

[5] *See* 28 U.S.C. § 1332(c).

[6] *See* Original Petition, pgs. 9-10, "Prayer".

[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[8] *Id*.

[9] *See* Fort Bend County Appraisal District Summary attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Fort Bend County Appraisal because it is of public record, the information it provides is readily ascertainable, and the source — the Fort Bend County Appraisal District— cannot be reasonably questioned. *See Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978 at n.4 (S.D. Tex. Apr. 23, 2012).

injunctive relief and the property is valued well in excess of $75,000.00, the amount in controversy requirement for removal based on diversity is met.

## V. BASIS FOR REMOVAL: FEDERAL QUESTION

14. In the Original Petition, Plaintiff asserts a cause of action for purported violations of REPSA.[10] In asserting this claim, Plaintiff references alleged actions or omissions by Defendant in connection with the mortgage at issue and the putative foreclosure of same.[11] The actions of which Plaintiff complains constitute alleged violations of federal law – REPSA.[12]

15. Plaintiff makes numerous allegations regarding Defendant's purportedly improper handling of her attempts to obtain a loan modification under RESPA and Regulation "X," and those allegations make up a substantial part of the underlying basis for her lawsuit.[13]

16. Accordingly, this Court has jurisdiction over Plaintiff's claims under federal question jurisdiction.[14]

17. This Court has supplemental jurisdiction over Plaintiff's common law claims because they form part of the same case or controversy as the lending claims which can only exist under the federal law claims asserted.[15]

## VI. ADDITIONAL REQUIREMENTS

18. Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Fort Bend County, Texas.

---

[10] Plaintiff also brings a claim for violation of the Code of Federal Regulations, which also implicates a federal question.

[11] *See* Original Petition, pgs. 6-7, ¶¶25-28.

[12] *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 753 (N.D. Tex. 2013) (a complaint asserting violation of § 2605 constitute a claim under federal law and can convey federal question jurisdiction).

[13] *See* Original Petition, pgs. 6-7, ¶¶25-28.

[14] *Coleman*, 969 F.Supp.2d at 753.

[15] 28 U.S.C. § 1367(a).

566049.1

WHEREFORE, Defendants in the above-captioned action now pending as Cause No. 17-DCV-245225 before the 268th District Court of Fort Bend County, Texas hereby remove this action to the United States District Court for the Southern District of Texas, Houston Division and respectfully request that the United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

By: */s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
mmanning@mcglinchey.com
MCGLINCHEY STAFFORD
1001 McKinney, Suite 1500
Houston, TX 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE AND NOTICE OF FILING**

I certify that on 21st day of February, 2018, the foregoing Notice of Removal was sent to the District Clerk of Fort Bend County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorneys of record for Plaintiff.

*/s/ Matt D. Manning*
Matt D. Manning

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 21st day of February, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have served the foregoing on all counsel of record as follows:

**Via Certified Mail/RRR No. 9414 7266 9904 2059 5406 24**
Robert C. Vilt
Vilt and Associates, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056

            */s/ Matt D. Manning*
            Matt D. Manning